**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BEVERLYANN LEE, | No.    20-60016 |
| Debtor, | BAP No. 19-1140 |
| ------------------------------ | |
| BEVERLYANN LEE, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| NATIONSTAR MORTGAGE, LLC, DBA Champion Mortgage Company; WAYNE GODARE, Chapter 13 Trustee, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Brand, and Spraker, Bankruptcy Judges, Presiding

Submitted March 17, 2021[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Chapter 13[1] debtor Beverlyann Lee appeals pro se from an order of the Bankruptcy Appellate Panel (BAP) affirming the summary judgment order of the bankruptcy court in her adversary proceeding against creditor Nationstar Mortgage, LLC (Nationstar). We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we affirm.[2]

First, the BAP correctly decided that the bankruptcy court did not abuse its discretion by considering the loan agreement.  *See In re Sisk*, 962 F.3d 1133, 1141 (9th Cir. 2020).  The document was signed by both Lee and a lender representative, and there is no requirement that the signatures be legible.  There was no abuse of discretion.  *See United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

Second, the BAP correctly determined that partial summary judgment was appropriate with regard to Nationstar's payment of the 2010–2015 property taxes that Lee had failed to pay.  *See Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009).  Lee's assertion that the loan documents did not require her to pay taxes in a timely manner is an unreasonable interpretation of

---

[1] 11 U.S.C. Ch. 13.

[2] We grant Lee's motion (9th. Cir. Dkt. 27) to file an amended informal reply brief.

their plain language. *See Flores v. Am. Seafoods Co.*, 335 F.3d 904, 910 (9th Cir. 2003); *Staffordshire Invs., Inc. v. Cal-W. Reconveyance Corp.*, 149 P.3d 150, 154 (Or. Ct. App. 2006); *see also* Or. Rev. Stat. § 86.050. Neither the loan documents nor the Department of Housing and Urban Development regulation proffered by Lee precluded Nationstar from paying the property taxes in order to protect its security interest when Lee failed to do so. Nationstar was entitled to protect its security interest, and Lee's implication that Nationstar's payments essentially amounted to a gift is entirely unreasonable.

Third, the BAP was correct that summary judgment was inappropriate as to the accounting issues raised by Lee—namely, whether Nationstar accurately charged interest and credited some of her payments. Lee was not entitled to summary judgment because she failed to show an absence of disputed questions of fact and law. *See* Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

Finally, Lee's belated challenge to the validity of the debt to Nationstar for the first time on appeal from the summary judgment order is improper; the issue is waived. *See Moldo v. Matsco, Inc. (In re Cybernetic Servs., Inc.)*, 252 F.3d 1039, 1045 n.3 (9th Cir. 2001). Her references to constitutional standing are misplaced

because Nationstar is not a plaintiff.  *See* U.S. Const. art. III, § 2; *Spokeo, Inc. v. Robins*, __ U.S. __, __, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016).

**AFFIRMED.**